**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

**DANIEL L. DOYLE, on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**HUMANA INC.,**
**Serve: Registered Agent**
**CSC Lawyers Incorporating Service Co.**
**221 Bolivar Street**
**Jefferson City, MO 65101,**

**Defendant.**

**Case No. 4:14-cv-00061-BP**

---

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff Daniel L. Doyle, on behalf of himself and all others similarly situated, and for his cause of action against Defendant Humana Incorporated, states and alleges as follows:

## INTRODUCTION

1. Defendant Humana Inc. ("Humana") developed and implemented a deceptive scheme designed to increase revenues from health insurance premiums. Humana's deceptive scheme consisted of significantly increasing health insurance premiums to coincide with the January 1, 2014 inception date for the individual mandate of the Affordable Health Care Act ("ACA"). Humana policyholders were informed of the premium increase by letter several months before its higher health insurance premiums went into effect.

2. Humana policyholders who desired to cancel their policies were unable to because Humana failed to provide policyholders with a reasonable method to do so or ignored

policyholders' cancellation requests. Humana continued to take automatic deductions from policyholders' accounts and/or social security checks and/or Humana invoiced policyholders for alleged "past due" premiums. Humana's deceptive scheme violates Kentucky's Consumer Protection Act or alternatively Missouri's Merchandising Practices Act.

3. Plaintiff Daniel L. Doyle ("Mr. Doyle") was at all relevant times a Humana policyholder. He is one of many victims of Humana's deceptive scheme and brings suit against Humana on behalf of himself and all others similarly situated for Humana's violation of Kentucky and/or alternatively, Missouri law.

## PARTIES

4. Mr. Doyle was a resident of this judicial district when he purchased a Missouri Humana One policy, policy number 83961Y, with an effective date of December 1, 2012 ("Policy").

5. On August 28, 2013, Mr. Doyle received a letter at his Jackson County, Missouri address from Humana notifying him that his policy would be cancelled on December 31, 2013 and replaced with a new one. Humana's letter erroneously stated that it was required to cancel the Policy under Missouri law. It also falsely stated that the Missouri Department of Insurance approved health insurance rates. The letter incorrectly listed Mr. Doyle's current Policy benefits and 2014 ACA-compliant benefits. Finally, Humana's letter provided that Mr. Doyle's monthly premium would increase from $229.30 to $395.97.

6. On or about October 24, 2013, Mr. Doyle received another letter at his Jackson County, Missouri address from Humana providing clarification on the August 28, 2013 letter. It also listed a toll-free number that Mr. Doyle could use to contact a Humana Customer Care Specialist about his policy.

7. Mr. Doyle found a better health insurance policy and desired to cancel his Humana Policy.

8. On or about November 20, 2013, Mr. Doyle was notified that he had new insurance coverage with Blue Cross Blue Shield beginning December 1, 2013.

9. Plaintiff then immediately attempted to contact Humana to cancel his policy but was unable to contact anyone who could assist him to cancel.

10. Plaintiff again tried to cancel two to three days later. He again was unable to reach anyone at Humana who could assist him in cancelling his policy.

11. On numerous occasions, Mr. Doyle unsuccessfully attempted to cancel his Policy by calling the toll-free number listed in the October 24, 2013 letter. Whenever Mr. Doyle called the toll-free number, he encountered an automated call system that would not enable him to speak to a person.

12. Frustrated with the significant hold times and inability to speak with a human being, Mr. Doyle contacted his Blue Cross representative, who provided a fax number for Humana which he was unable to locate on Humana's website.

13. On or about November 25, 2013, Mr. Doyle sent a facsimile to Humana providing Humana with written cancellation of his Policy.

14. Humana refused to respond to Mr. Doyle's written cancellation request.

15. On or about January 7, 2014, Mr. Doyle sent a letter to Humana enclosing his November 25, 2013 written cancellation request. The letter also demanded that Humana stop deducting the premium from Mr. Doyle's checking account and return money taken by Humana after Mr. Doyle's cancellation request.

16. Humana refused to respond to Mr. Doyle's January 7, 2014 letter.

17. Plaintiff continued his attempts to call Humana and called several more times. On or about January 10, 2014, Plaintiff was, for the first time, able to speak with an individual after waiting for approximately 20 minutes. But after getting through to a representative, the representative informed Plaintiff that the representative did not have the authority to cancel Plaintiff's policy.

18. Humana continues to deduct Plaintiff's increased premium amount every month.

19. Defendant Humana is incorporated under the laws of Delaware and is headquartered in Louisville, Kentucky.

## JURISDICTION AND VENUE

20. Original jurisdiction with this Court lies herein pursuant to 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds $5,000,000.00 and because more than two-thirds of the members of the proposed Class and the Defendant are citizens of different states.

21. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of the State of Missouri and a substantial part of the events giving rise to the claim occurred in this District. Defendant has significant contact within Missouri, including offering its insurance product to thousands of Missouri residents.

## HUMANA'S PREMIUM INCREASE & NON-CANCELLATION PRACTICE

22. Humana markets health insurance in all 50 states and is one of the largest health insurance carriers in the country. Humana's 2013 revenue exceeded $13 billion.

23. Humana encourages consumers to place their trust and confidence in the company and represents to consumers that Humana offers "affordable plans" and gives consumers "the attention you deserve from the Humana One support team."

24. Beginning in August 2013, Humana sent letters to policy holders alleging that the ACA required cancellation of their Humana policies and that Humana would replace the policies with new ones that were ACA-compliant. The letters also included the cost of new premium.

25. On or about September 10, 2013, the Kentucky Department of Insurance fined Humana $65,430 for sending misleading letters to policyholders on August 6, 2013 that deceptively suggested that policyholders should renew their insurance policies within 30 days or select a more expensive policy that complies with the ACA.

26. On or about November 26, 2013, the Missouri Department of Insurance notified Humana that Missouri-complaint policies would be allowed to remain into effect throughout 2014.

27. Upon information and belief, Humana policyholders in the 22 states where Humana offered ACA-compliant policies were unable to cancel their policies prior to the inception of the individual mandate of the ACA. Humana wrongfully deducted the premiums or billed the policyholders for "past due" amounts after the cancellations were made.

## **CLASS ACTION ALLEGATIONS**

28. Mr. Doyle brings this action on behalf of himself and all other members of a proposed class ("Class") which is initially defined as follows:

> All Humana policyholders in the United States who have been billed for insurance premiums on policies that Humana cancelled on or before December 31, 2013 and/or Humana policies that policyholders attempted to cancel but for which they continued to be billed.

29. An additional subclass is defined as follows:

All Humana policyholders in the United States who had individual health insurance policies in force in 2013, and whose 2014 premiums were increased to become ACA compliant when, in fact, such policies were not required to become ACA-compliant in 2014, whether or not the policyholders attempted to cancel their policies.

30. Excluded from the class are Humana employees or employees of any Humana subsidiary or parent company; any Humana officer or director; anyone employed by Plaintiff's counsel in this action; and, any Judge to whom this case is assigned including the Judge's immediate family.

31. This action has been brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (2) or (3).

32. **Numerosity of the Class**. Class members are so numerous that their individual joinder is impracticable. Plaintiff estimates that there are thousands of policyholders in the proposed Class. The precise number of Class members and their addresses can be obtained from information and records in Humana's possession and control. Class members may be notified of the pendency of this action by mail or by published notice or other appropriate methods.

33. **Existence and Predominance of Common Questions of Law & Fact**. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, each of which may also be certified under Rule 23(c)(4), include the following:

a. Whether Humana was required by state law to terminate the policyholders' current Humana policies with alleged ACA-compliant policies;

b. Whether Humana misrepresented to policyholders that Humana was legally obligated to raise premiums without other alternatives;

c. Whether Humana failed to provide policyholders with a reasonable method to cancel their policies;

d. Whether Humana ignored policyholders' cancellation requests concerning the alleged ACA-compliant policies;

e. Whether Humana violated Kentucky and/or alternatively Missouri law by raising policyholders' insurance premiums under the guise of complying with state law and failing to provide policyholders with a reasonable method to cancel their policies and/or ignoring policyholders' cancellation requests concerning the ACA-complaint policies;

f. Whether Humana is liable for money received for premiums after policyholders requested cancellation of their policies;

g. Whether Plaintiff and other Class members are entitled to equitable relief, including restitution, rescission, corrective notice, a preliminary and/or a permanent injunction; and

h. Whether Plaintiff and other Class members are entitled to damages and/or other monetary relief.

34. **Typicality.** Plaintiff's claims are typical of the claims of the Class because, like all other Class members, Plaintiff was charged premiums even after Humana cancelled his policy and/or after Plaintiff attempted to cancel his policy.

35. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel competent and experienced in complex

class action litigation, and Plaintiff will prosecute this action vigorously. Plaintiff has no interests adverse or antagonistic to those of the Class.

36. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are small compared with the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

37. In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the

adjudications, or substantially impair or impede their ability to protect their interests; and/or

c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**(For Violations of Kentucky's Consumer Protection Act, KRS § 367.170, *et seq.*)**

38. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff brings this claim as an individual consumer and as a representative of a Class of numerous other consumers similarly injured by Defendant's use and employment of a method, act or practice declared unlawful by KRS § 367.170.

40. Plaintiff, Class members and Defendant are "persons" within the meaning of KRS § 367.170.

41. Defendant's delivery of a health insurance policy constitutes the sale of goods or services for personal, family or household purposes under KRS § 367.220.

42. As set forth herein, Defendant's acts, practices and conduct violates the Kentucky Consumer Protection Act because Plaintiff and Class members suffered an ascertainable loss of money because Defendant has, among other things, engaged in the act, use and/or employment of deception, misrepresentation, unfair practice, and/or the concealment, suppression and/or omission of material facts in connection with the sale and delivery of health insurance policies.

43. Defendant's unlawful practices include, among other things, informing policyholders that state law required the replacement of their current Humana policies with alleged ACA-compliant policies; falsely informing policyholders that insurance rates were

approved by the Departments of Insurance; falsely stating that Humana plans would be less expensive than plans available on the insurance exchange; misrepresenting the policyholders' current Humana benefits with the 2014 ACA-complaint benefits; raising rates without the consent of policyholders and requiring policyholders to affirmatively "opt out" to avoid premium hikes; cancelling customers' policies but still charging them for new premium payments; failing to provide policyholders with a reasonable method for cancelling their policies; ignoring policyholders' cancellation requests; and, continuing to deduct premiums from policyholder's accounts and/or social security checks and/or invoicing policyholder's for alleged "past due" amounts after policies were cancelled.

44. As a result of Defendant's unlawful practices as alleged herein, Plaintiff and the Class suffered an ascertainable loss of money by having deductions taken from their accounts and/or social security checks and/or invoicing policyholder's for alleged "past due" amounts.

45. Plaintiff has incurred and will incur attorneys' fees in prosecuting this action, for which Defendant is liable.

46. Plaintiff and Class members seek actual damages; a declaration that Defendant's methods, acts and practices violate the Kentucky Consumer Protection Act; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; corrective notice to those who were charged the fee; disgorgement of all profits obtained from Defendant's unlawful conduct; pre-and post-judgment interest; punitive damages; attorney's fees and costs; and any other relief that the Court deems necessary or proper.

**ALTERNATIVE CAUSE OF ACTION**

47. Although Kentucky law applies to the claims asserted in this suit because the unlawful practices alleged herein were the result of decisions and conduct occurring at Humana's World Headquarters in Louisville, Kentucky, Plaintiff pleads in the alternative as follows:

48. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mo. Rev. Stat. § 407.010, et seq.

49. Defendant's conduct constitutes unfair competition and unfair or deceptive acts or practices within the meaning of the Missouri Merchandising Practices Act ("MMPA") because the MMPA generally prohibits deceptive conduct in consumer transactions.

50. Plaintiff and a Missouri class of policy holders suffered harm as a result of Defendants' conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all similarly situated persons, requests judgment and relief on all causes of action as follows:

1. For an order certifying the proposed Class and appointing Plaintiff and his counsel of record to represent the proposed Class;

2. For an order enjoining Defendant's wrongful conduct;

3. For an order requiring Defendant to provide corrective notice to its customers;

3. For an order declaring that Defendant has violated the Kentucky Consumer Protection Act and/or alternatively the Missouri Merchandising Practices Act;

4. For an order directing Defendant to disgorge all profits obtained from its unfair and deceptive practices;

5. For an order awarding Plaintiff and the Class damages in an amount to be proven at trial, including punitive damages, together with pre-trial and post-trial interest thereon;

6. For an order awarding Plaintiff and the Class attorneys' fees and costs of suit; and

7. For an order awarding such other and further relief as this Court deems just and proper.

**JURY DEMAND**

WHEREFORE Plaintiff, on behalf of himself and all similarly situated persons, hereby demands a trial by jury on all issues that are triable to a jury.

Respectfully submitted,

WILLIAMS DIRKS LLC

/s/Eric L. Dirks
Eric L. Dirks MO Bar 54921
Michael A. Williams MO Bar 47538
1100 Main Street, Suite 2600
Kansas City, MO 64105
dirks@williamsdirks.com
mwilliams@williamsdirks.com
(o) 816-876-2600
(f) 816-221-8763

Attorneys for Plaintiff